1
2
3
4
5
6

Whitney Ali, Esq. (SBN: 330104)
C. Reginald Taylor, Esq. (SBN: 216420)
Aiman Masood, Esq. (SBN: 362194)
LAW OFFICES OF ZULU ALI & ASSOCIATES, LLP
2900 Adams Street, Suite C13
Riverside, CA 92504
Telephone: (951) 782-8722
Facsimile: (951) 346-9101
Email: zulualilaw@gmail.com

Attorneys for Plaintiff

7
8
9

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ZULU ALI; AND LAW OFFICES OF ZULU ALI, <br><br> Plaintiff, <br><br> vs. <br><br> ANGELICA FALCON; AND DOES 1 THROUGH 25, INCLUSIVE <br><br> Defendant. | Case No. _____ <br><br> UNLIMITED CIVIL, DEMAND OVER $35,000.00 <br><br> VERIFIED COMPLAINT FOR: <br><br> 1. DEFAMATION; AND <br> 2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

Plaintiff, Zulu Ali and Law Offices of Zulu Ali, hereby complains and alleges as follows:

1.      Plaintiff, Zulu Ali  is and at all times mentioned herein was, an individual, over the age of majority, residing in the County of Riverside, State of California; and Plaintiff Law Offices Zulu Ali, is and at all times mentioned herein a business entity owned by Zulu Ali and located and doing in the County of Riverside, State of California (hereafter collectively referred to as "Plaintiff").

2.      Defendants Angelica Falcon (hereinafter referred to as Defendant) upon information and belief, are now, and at all times mentioned herein is, an individual, over the age of majority, was residing in the County of Los Angeles, State of California.

3.      This court is the proper court for trial in this action in that the actions and omissions of Defendant as alleged herein were made within this Court's jurisdictional area.

4.      Plaintiff is unaware of the true names or capacities, whether they are individuals or business entities, of Defendant DOES 1 through 50, and therefore sues them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

5.      At all times mentioned herein, Defendants, and each of them, inclusive of DOES 1 through 25, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency.  Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages they have incurred.

## I.  GENERAL ALLEGATIONS

6.      On or about August 28, 2025, Plaintiff discovered that several individuals had been contacted by Defendant, who falsely represented that Plaintiff and Plaintiff's Law Firm had engaged in theft and fraud by stealing money from unknown parties.

7.      Defendant specifically encouraged these individuals to disseminate these false

allegations widely, instructing them to use various online platforms and social media to further spread this misinformation.

8.      As a direct result of Defendant's actions and the spread of these false allegations, Plaintiff and Plaintiff's Law Firm began to experience a significant decline in client trust and business reputation, which are critical to their operations and professional standing.

9.      Subsequent to Defendant's initial contact with these individuals, Plaintiff noted a measurable increase in negative online posts, comments, and reviews referencing the false allegations of theft and fraud, correlating closely with Defendant's communications.

10.     Defendant states these allegations and encourages others to spread them online. These communications are dated around the end of August 2025 and are critical in establishing the source and intent of the defamation.

11.     Plaintiff has also gathered evidence from various online platforms, which shows the timing and content of the defamatory posts aligning with Defendant's communications. This digital footprint provides a clear link between Defendant's actions and the damage inflicted on Plaintiff's reputation.

12.     The impact of these actions on Plaintiff's business was immediate and severe, with a notable decrease in client inquiries and engagements recorded in the weeks following the spread of the false allegations. Financial records and client correspondence from this period will demonstrate the extent of the business losses.

13.     Plaintiff estimates the damages from these defamatory actions to be no less than $1,000,000.00, based on the loss of business, harm to reputation, and the costs associated with countering the false allegations, including engaging in public relations efforts and legal fees to pursue remedial action.

14.    In addition to the tangible business losses, Plaintiff and key members of Plaintiff's Law Firm have suffered significant emotional distress, including anxiety, stress, and damage to personal and professional relationships, as a direct consequence of Defendant's malicious and unfounded accusations.

15.    Plaintiff intends to demonstrate through witness testimony, the emotional and psychological impact these events have had on Plaintiff and Plaintiff's Law Firm's staff, further substantiating the claim for intentional infliction of emotional distress.

16.    The actions of Defendant were intentional, aimed at damaging Plaintiff's reputation and causing emotional distress, and were carried out with reckless disregard for the truth of the statements made about Plaintiff and Plaintiff's Law Firm.

17.    Plaintiff seeks to hold Defendant accountable for the defamation and intentional infliction of emotional distress caused by these actions, as detailed through the evidence gathered and presented in this case.

## II. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DEFAMATION
### (Against All Defendants)

18.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

19.    The Defendant made one or more false statements about the Plaintiff.

20.    On or about August 28, 2025, Defendant contacted several individuals and falsely stated that Plaintiff and Plaintiff's Law Firm stole and defrauded money from unknown individuals. The false statements were published, meaning that they were communicated to someone other than the Plaintiff.

- 4 -
VERIFIED COMPLAINT

21.     Defendant encouraged individuals to go onto various platforms and repeat the false allegations, thereby publishing the statements to a broader audience.

22.     The false statements are defamatory, meaning they are capable of harming the reputation of the Plaintiff in the eyes of the community.

23.     The statements implied criminal activity on the part of Plaintiff and Plaintiff's Law Firm, inherently causing harm to Plaintiff's reputation.

24.     The Defendant acted with at least negligence regarding the truth of the false statements.

25.     Given the nature of the statements involving alleged criminal activity, Defendant acted with reckless disregard for the truth.

26.     As a direct and proximate result of the Defendant's actions, Plaintiff and his firm have suffered damages.

27.     Plaintiff and his firm have suffered damages to their business and reputation in an undetermined amount but no less than $1,000,000.00.

28.     The damages include, but are not limited to, loss of clientele, loss of potential business opportunities, and harm to professional reputation, which are ongoing.

### III. SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

29.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

30.     Defendant intentionally or recklessly engaged in extreme and outrageous conduct toward the Plaintiff.

31.     On or about August 28, 2025, Defendant contacted several individuals and falsely

represented that Plaintiff and Plaintiff's Law Firm had stolen and defrauded money from unknown individuals.

32.     Defendant encouraged these individuals to disseminate these false allegations on various public platforms, thereby magnifying the distress caused to Plaintiff.

33.     The conduct of Defendant was so extreme and outrageous as to exceed all bounds of decency regarded as acceptable in a civilized society.

34.     As a direct and foreseeable result of Defendant's conduct, Plaintiff suffered severe emotional distress.

35.     The emotional distress suffered by Plaintiff was so severe that no reasonable person should be expected to endure it.

36.     The severe emotional distress has manifested in both emotional and physical symptoms, which have required medical consultation and intervention.

37.     Plaintiff's professional reputation has been significantly damaged, leading to a loss of clientele and business opportunities, quantified by Plaintiff in no less than $250,000.00 in damages.

38.     The actions of Defendant were intentional, with the purpose of causing harm to Plaintiff's reputation and emotional well-being, or were done with reckless disregard of the probability of causing such distress.

39.     As a result of the aforementioned actions by Defendant, Plaintiff has suffered, and continues to suffer, substantial emotional and physical distress, humiliation, anxiety, and financial loss.

**IV. DEMAND**

WHEREFORE, Plaintiff respectfully prays this Court:

A.  Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

B. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

C.  Enjoin Defendant from making any further defamatory statements against Plaintiff and Plaintiff's Law Firm;

D.  Award Plaintiff actual damages in an amount to be determined at trial, but no less than $1,000,000.00, and with the appropriate multiplier;

E.  Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, special, punitive, and other damages available under law;

F.  Award Plaintiff attorney fees, with the appropriate multiplier, plus costs and expenses of litigation;

G. Award Plaintiff such other and further relief that the Court deems just and proper.

**JURY DEMAND:  HEREBY DEMAND A JURY ON ALL TRIABLE MATTERS.**

DATED: August 29, 2025

LAW OFFICES OF ZULU ALI & ASSOCIATES, LLP
BY:

AIMAN MASOOD, ESQ.
Attorneys for Plaintiff

- 7 -
VERIFIED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

**I, ZULU ALI, declare that:**

**I am the Plaintiff in this action.**

     I have read the foregoing **VERIFIED COMPLAINT FOR:  Defamation and Intentional Infliction of Emotional Distress**

and know the contents thereof. I certify that the same is true of my  own knowledge, except as to

those matters  which are therein stated upon my information and  belief, and as to those matters I

believe them to be true.

     I declare under penalty of perjury under the laws of the State of California, that the

foregoing is true and correct.

     Executed this 29TH day of AUGUST, 2025, at Riverside, California.



                    ZULU ALI

- 8 -
VERIFIED COMPLAINT
